## ORDER

The petitioner having failed to pay the docketing fee required by Federal Circuit Rule 52(a)(1) within the time permitted by the rules, it is

ORDERED that the petition for review be, and the same hereby is, DISMISSED, for failure to prosecute in accordance with the rules.

Walter RICHARDSON, Jr., Petitioner,

v.

### OFFICE OF PERSONNEL MANAGEMENT, Respondent.

No. 05–3162.

United States Court of Appeals, Federal Circuit.

May 24, 2005.

### ORDER

A petition for review of an initial decision of the Merit Systems Protection Board having been docketed in this court, and it appearing that the petitioner has also sought review before the board, and it appearing that the initial decision of the board will not become a final decision, it is

ORDERED that the petition for review be, and it hereby is, DISMISSED, without prejudice to the subsequent filing of a petition for review after the board has again acted in the case.

Ronald J. WOPSOCK, Luke J. Duncan, and Cassandra Kochamp, Plaintiffs–Appellants,

v.

MILLICENT MAXINE NATCHEES, T. Smiley Arrowchis, O. Roland McCook, Sr., Richard Jenks, Jr., John P. Jurris, and Susan Hammer, Defendants–Appellees,

and

Gale A. Norton, Secretary of the Interior, David W. Anderson, Assistant Secretary for Indian Affairs, Chester D. Mills, in his individual capacity and in his official capacity as Superintendent, Uintah and Ouray Agency, Bureau of Indian Affairs, and Wayne Nordwall, in his individual capacity and in his official capacity as Director, Western Regional Office, Bureau of Indian Affairs, Defendants–Appellees.

No. 05–1298.

United States Court of Appeals, Federal Circuit.

May 25, 2005.

### *ORDER*

Upon consideration of the joint motion to dismiss Ronald J. Wopsock et al.'s appeal,

IT IS ORDERED THAT:

(1) The motion to dismiss is granted.

(2) All sides shall bear their own costs.

**ARDISAM, INC. (doing business as Yukon Tracks), Plaintiff,**

and

**Spring Form, Inc., Plaintiff–Appellant,**

v.

**AMERISTEP, INC., Defendant–Appellee,**

and

**Hunter's View, Ltd., Defendant–Appellee,**

and

**Eastman Outdoors, Defendant–Appellee.**

**No. 04–1567.**

United States Court of Appeals, Federal Circuit.

May 26, 2005.

*ORDER*

Order Vacated, See 2005 WL 1691427.

On May 17, 2005, this court issued an Order directing the parties to show cause, before the close of business on May 23, 2005, why the court should not dismiss the appeal for want of jurisdiction due to an absence of a final judgment. Both parties have responded and the responses confirm that outstanding counterclaims of invalidity remain in this case.

In the absence of a final decision disposing of the entire case, we lack jurisdiction. *Nystrom v. TREX Co.,* 339 F.3d 1347 (Fed.Cir.2003). Notwithstanding the arguments of Spring Form, Inc., to the contrary, where, as here, a case is not fully adjudicated as to all of its claims and no exception to the rule that nonfinal orders are not appealable applies, there is no final decision, and consequently, no jurisdiction.

Accordingly,

IT IS ORDERED THAT:

(1) This appeal is dismissed for lack of jurisdiction.

(2) This appeal may be reinstated under the same docket number and without an additional filing fee, providing that the parties perfect the appeal within 30 days of the date of this Order by obtaining either a final judgment on the entire case or a certification for appeal pursuant to Fed.R.Civ.P. 54(b).[1]

(3) In the event that this appeal is reinstated within 30 days of the date of this Order, the case will be assigned to a new panel of judges in accordance with the procedures of this court and the filing of new briefs will not be required.

---

1. We express no view on whether a Rule 54(b) certification is appropriate and should be made in this case, as this is a matter within the sound discretion of the district court. *Aleut Tribe v. United States,* 702 F.2d 1015, 1021 (Fed.Cir.1983).